[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13262

_____

TOKYO GWINNETT, LLC,
d.b.a. Tokyo Valentino,

Plaintiff-Counter Defendant
Appellant,

MICHAEL S. MORRISON,
F.E.G. HOLDINGS, LLC,
ALFRED JAY NAULT,
MATTHEW TRIPP,

Third Party Defendants-Appellants,

*versus*

GWINNETT COUNTY, GEORGIA,

2                    Opinion of the Court                    22-13262

Defendant-Third Party Plaintiff
Counter Claimant-Appellee,

KATHY HOLLAND, et al.,
individually,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:15-cv-02606-TWT

_____

Before WILLIAM PRYOR, Chief Judge, ROSENBAUM, and ABUDU, Circuit Judges.

PER CURIAM:

Appellants moved to dismiss as moot their appeal before this Court. Tokyo Gwinnett and Gwinnett County have been engaged in litigation since 2015 over Tokyo Gwinnett's ability to sell sexual devices at its leased storefront. The County has since updated its applicable regulations, but Tokyo Gwinnett had argued that its sale of sexual devices was "grandfathered in" under the older regulations, or the older regulations were unconstitutional and its sales were lawful prior nonconforming use. The County countersued,

seeking an injunction preventing Tokyo Gwinnett from operating at its leased property.  Tokyo Gwinnett originally appealed two of the district court's orders: one granting summary judgment to the County on all Tokyo Gwinnett's claims, and another granting the County's requested permanent injunction.

In its Third Amended Complaint, Tokyo Gwinnett asked for two forms of relief:  a declaration of its rights under the old ordinance and an injunction preventing the County from interfering with its business under the new ordinance moving forward.  So Tokyo Gwinnett's requested relief and the County's injunction rested on two circumstances:  Tokyo Gwinnett's ability to continue selling sexual devices at its specific leased property, and its ability to continue operating in Gwinnett County in general.

Neither circumstance can be satisfied any longer.  Since filing their appeal, Tokyo Gwinnett, LLC, closed its business, lost its lease, and was denied a business license to operate in Gwinnett County.  Because of these intervening events, Tokyo Gwinnett no longer has a vested property right in the leased storefront that a court can protect, nor does it have a business (or a license) with which a court could bar the County from interfering.  And the County's permanent injunction was tied to that same lease that has now ended and the business previously conducted at a now-vacant property.  Therefore, this case has been rendered moot.  Tokyo Gwinnett has also voluntarily dismissed a related state-court action made moot by time and the closure of Tokyo Gwinnett's business.

Accordingly, Appellant's motion to dismiss this appeal is **GRANTED**.  As is our practice when an appeal is rendered moot, the district court's order for summary judgment, order for a permanent injunction, and final judgment, which were the subject of this appeal, are **VACATED**.  *Acheson Hotels, LLC v. Laufer*, 144 S. Ct. 18, 22 (2023).  This case is **REMANDED** to the district court with instructions to dismiss this case as moot.  *Dow Jones & Co. v. Kaye*, 256 F.3d 1251, 1258 (11th Cir. 2001).